UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD JACKSON,

        Plaintiff,

    v.

Warden MIKE EVANS; Prison Guards J. RODRIGUEZ, CORTES, and R. LOZA; and Sergeant M. ATCHLEY,

        Defendants.
                            /

No. C 07-2025 PJH (PR)

**ORDER DISMISSING WITH LEAVE TO AMEND**

Plaintiff, an inmate at Corcoran State Prison, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. The complaint involves events which occurred at Salinas Valley State Prison. Plaintiff has been granted leave to proceed in forma pauperis.

**DISCUSSION**

**A.    Standard of Review**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. Id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." "Specific facts are not necessary; the statement need only '"give the defendant fair notice of what the . . . . claim is and the

grounds upon which it rests."'" *Erickson v. Pardus*, 127 S. Ct. 2197, 2200 (2007) (citations omitted). Although in order to state a claim a complaint "does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . . Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on its face." *Id.* at 1986-87.[1]

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.    Legal Claims**

Plaintiff alleges that defendants Rodriguez and Loza beat him severely and pepper-sprayed him, all while he was in restraints, in retaliation for an inmate grievance he had written accusing defendant Cortes of sexual harassment. He contends that defendant Atchley was nearby and did not intervene. This is sufficient to state a claim against Rodriguez, Atchley, and Loza.

Plaintiff has not, however, stated a constitutional claim against Cortes. Mere verbal sexual harassment does not necessarily amount to an Eighth Amendment violation. *Austin v. Williams*, 367 F.3d 1167, 1171-72 (9th Cir. 2004) (upholding summary judgment dismissal of Eighth Amendment claim where prison guard exposed himself to prisoner in elevated, glass-enclosed control booth for no more than 30-40 seconds). A prisoner

---

[1] *Bell Atlantic Corp.* disapproved the "no set of facts" language in *Conley v. Gibson*, 355 U.S. 41 (1957). *Conley* had stated "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45-46. *Bell Atlantic Corp.* decided that "this famous observation has earned its retirement. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard." *Bell Atlantic Corp*, 127 S. Ct. at 1969.

therefore must establish that the alleged sexual harassment was egregious, pervasive and/or widespread in order to state a claim under the Eighth Amendment. *See, e.g.*, *Jordan v. Gardner*, 986 F.2d 1521, 1525-31 (9th Cir. 1993) (en banc) (prison policy requiring male guards to conduct body searches on female prisoners); *Watson v. Jones*, 980 F.2d 1165, 1165-66 (8th Cir. 1992) (correctional officer sexually harassed two inmates on almost daily basis for two months by conducting deliberate examination of genitalia and anus). The actions plaintiff alleges Cortes took, such as whistling at him and looking at him in the shower, are at worst no more than verbal harassment and thus not actionable under Section 1983. *See Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997) (verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983). And plaintiff does not mention Warden Evans, so has not stated a claim against him. The claims against Evans and Cortes will be dismissed with leave to amend.

## CONCLUSION

For the foregoing reasons,

1. For the foregoing reasons, the claims against Evans and Cortes are **DISMISSED** with leave to amend, as indicated above, within thirty days from the date of this order. The amended complaint must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Because an amended complaint completely replaces the original complaint, plaintiff must include in it all the claims he wishes to present, including the claims that the court has found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). He may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of these claims.

2. Plaintiff's claims against Rodriguez, Loza, and Atchley claims are cognizable under 42 U.S.C. § 1983. For reasons of judicial economy, however, service of these claims will be held until plaintiff files an amendment to the complaint, so all claims can proceed together. If plaintiff fails to timely amend his complaint, or if the amended claims are dismissed after review, these claims will be served.

3. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He also must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

**IT IS SO ORDERED.**

Dated: October 15, 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\JACKSON2025.DWLTA.wpd

4