United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RICHARD JACKSON,

        Plaintiff,

    v.

Warden MIKE EVANS; Prison Guards J. RODRIGUEZ, CORTES, and R. LOZA; and Sergeant M. ATCHLEY,

        Defendants.

No. C 07-2025 PJH (PR)

**ORDER GRANTING MOTION TO DISMISS**

    This is a civil rights case filed pro se by a state prisoner. In an amended complaint plaintiff dropped his claims against defendants Evans and Cortes, and the court ordered service on Rodriguez, Loza, and Atchley. They have moved to dismiss on grounds plaintiff did not exhaust his administrative remedies. Plaintiff has opposed the motion. For the reasons set out below, the motion will be granted.

**DISCUSSION**

    The Prison Litigation Reform Act of 1995 amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Although once within the discretion of the district court, exhaustion in prisoner cases covered by § 1997e(a) is now mandatory. *Porter v Nussle*, 122 S. Ct. 983, 988 (2002). All available remedies must now be exhausted; those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Id.* (citation omitted). Even when the prisoner seeks relief not available in grievance proceedings, notably money

damages, exhaustion is a prerequisite to suit. *Id.*; *Booth v Churner*, 532 U.S. 731, 741 (2001). Similarly, exhaustion is a prerequisite to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong. *Porter*, 122 S. Ct. at 992.

The State of California provides its inmates and parolees the right to appeal administratively "any departmental decision, action, condition or policy perceived by those individuals as adversely affecting their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). It also provides its inmates the right to file administrative appeals alleging misconduct by correctional officers. *See id.* § 3084.1(e). In order to exhaust available administrative remedies within this system, a prisoner must proceed through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level appeal to the Director of the California Department of Corrections. *See id.* § 3084.5; *Barry v. Ratelle*, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997). A final decision at the director's level satisfied the exhaustion requirement under § 1997e(a). *Id.* at 1237-38.

Nonexhaustion under § 1997e(a) is an affirmative defense. *Wyatt v Terhune*, 315 F.3d 1108, 1119 (9th Cir 2003). It should be treated as a matter of abatement and brought in an "unenumerated Rule 12(b) motion rather than [in] a motion for summary judgment." *Id.* (citations omitted). In deciding a motion to dismiss for failure to exhaust administrative remedies under § 1997e(a), the court may look beyond the pleadings and decide disputed issues of fact. *Id.* at 1119-20. If the court concludes that the prisoner has not exhausted California's prison administrative process, the proper remedy is dismissal without prejudice. *Id.* at 1120.

Plaintiff's claim is that defendants Rodriguez and Loza beat him severely and pepper-sprayed him, all while he was in restraints, in retaliation for an inmate grievance he had written accusing defendant Cortes of sexual harassment. He contends that defendant Atchley was nearby and did not intervene.

///

In the complaint plaintiff alleges that he exhausted these claims in grievance log number SVSP-C-07-01041. Am. Compl. at 2. In that grievance, however, he complains about the alleged sexual harassment by Cortes (which he spells "Cortez"), not the actions which are the subject of this case, the retaliatory beating by Rodriguez and Loza. Decl. Media, Ex. B AGO-11.

Compliance with prison grievance procedures is all that is required by the PLRA to properly exhaust, so the level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion. *Jones v. Bock*, 127 S. Ct. 910, 923 (2007). In California, the regulations permit an administrative appeal to be filed as to "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, §3084.1(a)." As to content, the regulations only instruct the prisoner to "describe the problem and action requested... ." Id. at § 3084.2(a).

Although plaintiff contends in his opposition that he exhausted by way of grievance SVSP-C-07-01041, he is wrong – the "problem" which was the subject of that grievance was Cortes' purported misconduct, and this case is about the beating by Rodriguez and Loza. SVSP-C-07-01041 did not exhaust the claims at issue here.

The materials supplied by defendants also are evidence that plaintiff filed no other grievance that might have exhausted his claim. *See* Decl. Media, Ex. A at AGO-10. Plaintiff's only contention in his opposition that might go to this point is a generalized contention that prison authorities lie with regard to the appeals tracking system and that he can prove it. Opp. at 1-2. The lack of grievances going to staff misconduct in the relevant period is the basis for the defendants' contention that plaintiff filed no such grievance, but plaintiff's conclusory allegations does not establish the invalidity of defendants' contention in this specific case, which is what matters; the opposition is not even signed, much less signed under penalty of perjury, so cannot operate as a declaration; and he does not provide the proof to which he refers. The defendants' evidence that plaintiff did not exhaust

3

in any other grievance thus is uncontradicted.  The court finds that plaintiff did not exhaust.

## CONCLUSION

The motion to dismiss (document number 21 on the docket) is **GRANTED**.  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  June 4, 2008.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\JACKSON2025.MDSMSS.wpd